**304**

**Hollis LEWIS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 05–3370.

United States Court of Appeals,
Federal Circuit.

Nov. 2, 2005.

Before SCHALL, GAJARSA, and
PROST, Circuit Judges.

GAJARSA, Circuit Judge.

*ORDER*

Hollis Lewis requests that the court accept his untimely petition for review.

On June 1, 2005, the Merit Systems Protection Board issued a final decision in *Lewis v. USPS,* No. PH–3443–04–0383–I–1, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. The Board's records reflect that counsel for Lewis received the decision on June 3, 2005.* Lewis's petition for review seeking review of the Board's decision was received by the court on August 8, 2005, more than 60 days after his receipt of the Board's decision.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review

must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration,* 735 F.2d 1335, 1336 (Fed.Cir. 1984). Thus, under the time provision of the statute, Lewis's petition for review was due in this court within 60 days of receipt of the Board's final decision, i.e., by August 2, 2005.

Lewis states that he sent his petition for review to the court via certified mail on August 3, 2005, and "it would appear that some mixup occurred in the post office to prevent this matter from arriving in a timely fashion on August 4th, or even August 5th, 2005." We note that the petition for review was already untimely when it was placed in the mail. Moreover, a petition for review is not filed until received in the court, and, as set forth above, the time period for filing a petition is jurisdictional. Because Lewis's petition for review was received on August 8, 2005, 6 days late, the court must dismiss Lewis's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) Lewis's request that we accept his untimely petition for review is denied.

(2) Lewis's petition for review is dismissed.

(3) Each side shall bear its own costs.

---

* Counsel for Lewis states that he received the decision on June 6, 2005. However, the Board's records show that it was received on June 3.